UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        PLAINTIFF,

vs.

Two Hundred Ninety-Nine Thousand
Seven Hundred Forty Dollars
($299,740.00) in U.S. Currency,

        Defendant *in rem.*

_____/

Civil Case No.

Honorable
Magistrate Judge

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

### **JURISDICTION AND VENUE**

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6), resulting from a violation of or violations of 21 U.S.C. § 881.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395 (a)-(b) as the action accrued, and the Defendant *In Rem* was found and seized, in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of Two Hundred Ninety-Nine Thousand Seven Hundred and Forty Dollars ($299,740) in U.S. Currency ("Defendant Currency"). Special Agents and Task Force Officers (collectively, "Agents") of the Drug Enforcement Administration seized the Defendant Currency on or around January 12, 2024, at the Detroit Metropolitan Airport in Romulus, Michigan.

## UNDERLYING CRIMINAL STATUTE

7. 21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

2

8. 21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

## STATUTORY BASIS FOR CIVIL FORFEITURE

9. 21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used or intended to be used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them....[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

10. The Defendant Currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6). Evidence supporting this forfeiture includes, but is not limited to, the following:

 a. On or around January 12, 2024, Michael Alan Harris ("HARRIS") purchased a one-way airline ticket for travel from Detroit to Las Vegas, Nevada on Delta Airlines. The flight was scheduled to depart Detroit Metro Airport on January 12, 2024 at 12:40pm. The flight was booked within 24 hours of the scheduled departure.

      b.      HARRIS's criminal history revealed multiple prior Michigan State arrests and convictions for the following: Dangerous drugs, possession of controlled substance (marijuana or synthetic equivalents), weapons offense with a charge of assault with a dangerous weapon and carrying-concealed, assault (excluding sexual), stolen vehicle, stolen property receiving/concealing $1,000 or more but less than $20,000, stolen property-receiving/concealing motor vehicle.  As recently as 2023, HARRIS's criminal history revealed charges involving weapon offense and carrying concealed.

      c.      Agents were aware that HARRIS would frequently fly from Detroit, Michigan to Las Vegas, Nevada and return to Detroit, Michigan from Los Angeles, California on Delta Airlines. A query of DEA databases revealed the phone number and email address HARRIS used on his flight reservations. That information led Agents awareness that HARRIS was suspected to be a narcotics distributor who goes by the name of "Bo", who was previously being targeted by the DEA St. Louis division.

      d.      On January 12, 2024, Agents conducted a jetway interdiction operation at Detroit Metropolitan Airport, McNamara Terminal Gate A-20, for Delta Airlines Flight DL364 pursuant to a search warrant executed on a checked suitcase belonging to HARRIS.  The jetway interdiction operation resulted in

DEA Task Force Officer Jacob Weiss ("TFO Weiss") seizing Defendant Currency.

The Defendant Currency was vacuum sealed and rubber-banded which is an indicative of narcotic proceed packaging. See photo below.



e. Agents are members of the Drug Enforcement Administration, Detroit Transportation Interdiction Unit (DTIU). The DTIU group is responsible for the interdiction of drugs, drug-related currency, and/or drug-related evidence being transported throughout the Detroit Metropolitan area in public transportation charges.

f. At approximately 12:20 p.m., HARRIS was observed entering the jetway. TFO Weiss asked HARRIS, "Did you pack this bag yourself?" HARRIS responded, "No." TFO Weiss asked HARRIS, "Who packed this bag for you?" HARRIS did not respond. TFO Weiss informed HARRIS that he was not under arrest or detained. TFO Weiss asked HARRIS, "Can I search this bag in front of you?" HARRIS responded, "I don't want you to search it". TFO Weiss informed HARRIS that his bag was being detained pending a search warrant. HARRIS responded, "Do whatever you gotta do". TFO Weiss asked HARRIS, "Are you abandoning this bag". HARRIS responded, "Yeah, whatever". HARRIS then continued down the jetway and boarded the flight to Las Vegas, Nevada.

g. HARRIS's bag was detained. Subsequently, a canine sniff was conducted. Canine "Atlas" indicated that there was a presence odor of narcotics on the bag. Canine Atlas is trained in the detection of cocaine, heroin, and crystal methamphetamine.

h. Approximately one hour later, the Honorable Judge Mark Somers approved a search warrant of HARRIS's bag. Agents then located (4) large vacuum sealed packages concealed inside several pairs of clothing. Thereafter, on January 16, 2024, all currency was combined and determined by an official count to be $299,740.00 in U.S. Currency. The official count was conducted at the Garda World facility in Livonia, Michigan. During the count, one

6

counterfeit fifty-dollar bill was discovered and placed in evidence with the DEA Detroit Non-Drug Evidence Custodian.

    i.    The Defendant Currency is currently in the custody of the United States Marshall.

    j.    After Agents seized the Defendant Currency, the DEA began administrative forfeiture proceedings against the Defendant Currency. HARRIS filed a claim to the entire amount of the Defendant Currency, and the matter was referred to the United States Attorney's Office.

## CLAIM

11.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 10 above, and all subparagraphs therein.

12.    The Defendant Currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as property furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange (and/or the attempt or conspiracy to commit such an exchange), and/or as property used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841(a)(1) and/or 846.

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be

given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/K. Craig Welkener
K. Craig Welkener
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-0248
Dated: June 20, 2024 Kenton.Welkener@usdoj.gov

## **VERIFICATION**

I, Jacob G. Weiss, state that I am a Task Force Officer with the United States Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Jacob G. Weiss
DEA Task Force Officer
Detroit Field Division, Task Force Group 7

Dated: June 18, 2024