UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

CURRENCY $299,740.00 IN U.S.
CURRENCY,

              Defendant.

_____/

Case No. 2:24-cv-11613

HONORABLE STEPHEN J. MURPHY, III

**STIPULATED ORDER FOR ENTRY OF
CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE**

Plaintiff, the United States of America, by and through its undersigned attorneys, and Michael Harris (the "Claimant"), by and through his attorney, Ivan L. Land, (collectively the "Parties") enter into this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture as to the following Defendant *in rem*: Two Hundred Ninety-Nine Thousand Seven Hundred Forty Dollars ($299,740.00) in U.S. Currency (24-DEA-708945) (hereinafter the "Subject Property").

The Parties agree to the following facts:

On or about January 12, 2024, the Subject Property was seized by Special Agents and Task Force Officers with the Drug Enforcement Administration ("DEA") at the Detroit Metropolitan Airport in Romulus, Michigan.

The Claimant filed a timely claim with the DEA with respect to the Subject Property.

On June 20, 2024, the United States filed a timely civil *in rem* forfeiture

1

complaint against the Subject Property pursuant to Title 21, United States Code, Sections 881(a)(6). (ECF No. 1).

On or about July 26, 2024, Claimant, through counsel, filed an Answer to the Complaint (ECF No. 5).  On or about July 26, 2024, Claimant, through counsel, filed a Claim to the Subject Property (ECF No. 6).

Notice by publication has been completed in this case (ECF No. 8).

No other claims of interest have been filed by any party with the United States District Court in this judicial action, and the time for filing such pleadings has expired.

The Parties are aware of their respective rights and have reached a settlement which is embodied in this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture and is intended to resolve the claim relating to Claimant, Michael Harris, that will conclude this case without further litigation and expense.

**IT IS HEREBY STIPULATED AND AGREED** as follows:

1.    This action is a civil *in rem* forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2.    This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391 and 1395.

3.    The Parties agree that the allegations in the Complaint are well taken, and the United States and the law enforcement agents involved in this matter had reasonable cause to seize the Subject Property, as set forth in 28 U.S.C. § 2465.  The position of the United States and its agents and employees in this matter was and is

substantially justified as set forth in 28 U.S.C. § 2412.

4.     The Parties stipulate and agree that the following **SHALL BE FORFEITED** to the United States pursuant to Title 21, United States Code, Sections 881(a)(6), plus any interest accrued since the date of seizure on the Subject Property: Two Hundred Thirty-Four Thousand Seven Hundred Forty Dollars ($234,740.00) in U.S. Currency (hereinafter, the "Forfeited Currency").

5.     Pursuant to this Agreement, the Court orders that any right, title or ownership interest possessed by the Claimant and any of his agents, successors and assigns in the Forfeited Currency, and any right, title or ownership interest of any and all other persons in the Forfeited Currency is hereby and forever **EXTINGUISHED** and that clear title to the Forfeited Currency shall be **VESTED** in the United States of America, and that the USMS, or its delegate, is **AUTHORIZED** to dispose of the Forfeited Currency according to law.

6.     Claimant Michael Harris withdraws his claim to the remaining $234,740.00 in U.S. Currency, plus any interest accrued on the defendant currency since the date of seizure.

7.     The Parties agree that upon entry of this Consent Judgment and Final Order of Forfeiture, Sixty-Five Thousand Dollars ($65,000.00) of the defendant currency **SHALL BE RETURNED** to Claimant Michel Harris.  The United States agrees to release this sum to Claimant less any debt owed to the United States, any agency of the United States, or any other debt, which the United States is authorized to collect from the Claimant, including but not limited to, any debts that the United

States may collect from the Claimant through the Treasury Offset Program (the "Returnable Amount").

8.     Following entry of this Stipulation by the Court, and after Claimant's attorney has supplied the United States with the Claimant's Tax Identification Number and the Automated Clearing House information for electronic deposit of the Returnable Amount, DEA, or its delegate, shall disburse the Returnable Amount to the Claimant through the Electronic Payment System by electronic deposit into the IOLTA/client trust account of Claimant's attorney, Ivan L. Land.

9.     Upon signing below, Claimant agrees to unconditionally release, remise and forever discharge the United States, and its agencies, agents, officers and employees, past and present, and all other persons, including but not limited to, agents and employees of DEA, the United States Attorney's Office, any individual local law enforcement officers, departments or agencies, and any other persons who participated or assisted in any aspect of this action and the underlying investigation (the "Released Parties"), from any and all actions, claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands in law or equity, which the Claimant, and/or his assigns, agents, officers, employees, heirs, or successors in interest had, now has, or may have against the Released Parties, for, or on account of, the incidents or circumstances giving rise to any aspect of the seizure, investigation, or forfeiture of the Subject Property.

10.     The Parties agree that this Stipulation applies exclusively to the captioned civil *in rem* forfeiture action arising from the seizure of the Subject

Property and does not immunize the Claimant or anyone else from criminal prosecution for any illegal conduct associated with the seizure of the Subject Property.

11.     The execution of this agreement does not constitute any admission of wrongdoing or fact by the Claimant or any other party except as otherwise expressly provided herein.

12.     By signing this Stipulation, the Claimant declares that he has read and discussed the terms of this Stipulation with his attorney.  Claimant further declares that he is aware of his rights in this action, and fully understand the terms, conditions, and consequences of entering into this Stipulation.  Claimant agrees that this Stipulation adequately reflects the Parties' good faith negotiation and resolution of this action without further litigation.

13.     The Parties stipulate and agree that each of the Parties shall bear their own costs and attorneys' fees in this action and in any subsequent action to enforce this Stipulation.  The Claimant agrees he shall not claim or seek attorneys' fees and/or costs in connection with this action and knowingly and voluntarily waives any and all claims he may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation, including the statutes identified in the preceding paragraph.

14.     This Stipulation encompasses the full agreement of the Parties regarding the Subject Property.

15.    This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

16.    By their signatures below, the Parties agree to entry of this Stipulation and to all of the terms and conditions set forth herein.

17.    Upon entry of the Stipulated Consent Judgment and Final Order of Forfeiture, this case shall be **DISMISSED WITH PREJUDICE** and **CLOSED**.

By their signatures below, the Parties agree to all of the terms and conditions stated herein.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 8, 2025

Agreed as to form and substance:

Jerome F. Gorgon, Jr.
United States Attorney

S/ K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

S / Ivan L. Land  (see attached)
Ivan L. Land (P65879)
Attorney for Claimant
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd. Suite 210
Oak Park, MI 48237
248.968.4545 | (f) 248.968.4540
ill4law@aol.com

6

Dated: October 9, 2025           Dated: October 9, 2025

<u>S / Michael Harris (see attached)</u>
Michael Harris
Claimant

Dated: October 9, 2025

Agreed as to form and substance:

Jerome F. Gorgon, Jr.
United States Attorney

<u>S/ K. Craig Welkener</u>
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Ivan L. Land (P65879)
Attorney for Claimant
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd. Suite 210
Oak Park, MI 48237
248.968.4545 | (f) 248.968.4540
ill4law@aol.com

Dated: October 9, 2025

Dated: 10/9/2025

s/
Michael Harris
Claimant

Dated: 10/9/25

**IT IS SO ORDERED.**

Date:

STEPHEN J. MURPHY, III
United States District Court Judge

7